

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 08 2023

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
ATLANTA DIVISION**

Jovan M. Duhart

Plaintiff: ~~United States of America~~

vs

**Defendant: Taylor Kristan**

**Case No.:**

**1:23-CV-4020**

## SUMMARY

The complainant, Jovan Duhart, alleges that the defendant wrongfully retained the minor child,
Annabelle Duhart, in Stuttgart, Germany on April 6th, 2023 to until now. The defendant is also
accused of attempting to initiate a false allegation of domestic violence on August 9th, 2023.
Which was dismissed by the German court and was dismisses before even going to trial
22.08.2023. This complaint aims to establish a basis for detention in the ex-parte proceeding.

## JURISDICTION AND VENUE

Jurisdiction lies under 18 U.S. Code § 3261, due to the defendant's federal employment, placing
them within the federal criminal jurisdiction of the US District Court of Atlanta. This jurisdiction
is rooted in the violation of U.S. Federal laws leading to the alleged international parental
abduction of the minor child.

Venue is deemed appropriate based on Title 22 CH 97 ICARA §9003, as all involved parties are
US Citizens who have maintained a significant connection to Cobb County, Georgia. The county
court holds a legitimation order from October 8th, 2018, further anchoring the child's
connections within the United States.

Jurisdiction is also asserted under 18 U.S.C. § 1073, The Fugitive Felon Act, despite certain ambiguities. The defendant's actions of concealing the minor child and evading civil litigation lend credence to this jurisdiction. After falsely alleging the defendant has gone into hiding and refused and is aware of the US Case

## SERVICE OF PROCESS

Given the international nature of this case, the magistrate is recommended to oversee the initial proceedings, which may involve serving necessary documents and potentially ordering the removal of the defendant under 18 U.S. Code § 3261, as the defendant is a US Federal Employee.

## PARTIES

The complainant, Jovan Duhart, is a Clinic Director for the Defense Health Agency Wellness Program and a resident of the State of Georgia, currently stationed temporarily in Stuttgart, Germany.

The Defendant, Taylor Kristan a federal NAF Employee, is accused of being involved in the wrongful retention of the minor child, residing somewhere in Stuttgart, Germany.

# FACTUAL ALLEGATIONS

## COUNT 1

### 18 U.S. Code § 1204 International Parental Kidnapping

The defendant allegedly attempted to retain the minor child in Germany on April 6th, 2023, following a wrongful removal/ retention from April 5th, 2023, to May 31st, 2023. This occurred in the midst of a dispute over custody and petition for sole legal custody. The complainant asserts that the defendant's actions deviated from established custody agreements, leading to the defendant's current intent to wrongfully retain the child in Germany. "The mother states she does not want to return to the USA." It is further founded under the shared parental intent standard of the US Supreme Court the relocation was temporary, and the plan was always to return to the US. This is evidenced by the Sole Custody Relocation Agreement signed by the defendant prior to moving to Germany. Which was filed with the department of defense as requirement for bringing the minor child into Germany.

## COUNT 2

### Gc § 16-5-45. Interstate Interference With Custody

Interference with custody, as outlined in GC § 16-5-45, the defendant has removed the child from the habitual primary residence with the intent to permanently change the child's primary residence, and wrongfully retain the child in Germany. The complainant maintains that this course of action was taken without consent, impacting the child's established routine and custody arrangements.

## COUNT 3

### 42 U.S. Code § 1320d–6 Wrongful Disclosure Of Individually Identifiable Health Information

42 U.S. CODE § 1320D–6 outlines wrongful disclosure of individually identifiable health information. The complainant contends that the defendant unlawfully and willfully disseminated protected health information with the intent to undermine the complainant's parental rights. This act is purportedly rooted to establish the complainant as mentally incompetent, thereby jeopardizing his parental rights. This was done without the complainant knowledge, or consent or court order furthermore these documents were protected and sealed under the Child Abuse Prevention and Treatment Act (CAPTA)legislation.

## COUNT 4

### 31 U.S.C. §§ 3729 – 3733 Violation False Claims Act

31 U.S.C. §§ 3729 – 3733 violations and related offenses are alleged against the defendant. The complainant asserts that the defendant falsified documents, misrepresenting information to secure personal benefits. This is said to have included deceitful attempts to secure domestic violence protection and special victims counsel, alongside other alleged fraudulent actions to achieve the goal of legally retaining the minor child in Germany. 04.08.2023 "Ms. Fasolt reported that she had been to the Chief Commander of the U.S. Armed Forces in Stuttgart last week Friday for a conversation with Ms. Kristan and Duhart. The conversation took place at Kelley Barracks. Ms. Kristan had moved into a shelter of the American army Mr. Duhart had again tried in the conversation to instrumentalize those present and to take his side. He also left the conversation after 20 minutes agitated. The Complainant was never at this meeting and had an alibi for the complainant was in Tyrol Italy at the time with his girlfriend. This was also corroborated by the garrison commander COL Alexander, in a sworn statement on 15.08.2023. For a second time the defendant abuses the protections of domestic violence victims in order to wrongfully retain the child in Germany.

## COUNT 5

## 18 U.S. Code § 1201 – Conspiracy to Kidnap

Conspiracy to Kidnap, as outlined in 18 U.S. Code § 1201, is presented as a charge against the defendant. The complainant alleges that a federal employee and co-worker "Ms. Erin Genatowski-Foy" acting on the defendant's behalf unlawfully removed the child during her official duty hours. If two or more persons conspire to violate this section and one or more of such persons do any overt act to affect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life. Upon court determination of foreign judgement, the determination of the affirmative defense of domestic violence case was terminated by the German courts on 05.04.2023. On 09.03.2023 Upon arrival to Military Installation with the German authority's child was going to be released into the plaintiff's care. 09.03.2023 During phone conversation with the victim's sister he stated, "This whole thing is killing me" Federal employee who wrongfully removed the child calls German EMS making false statements stating the father has suicidal ideations. This was later disproven by a by the sister talking to the clinician and subsequential release on 10.03.2023. The intent to conspire against the father is exacerbated by the embellishment and false testimony of the federal employee This act of conspiracy is claimed to have been undertaken without the complainant's knowledge or consent. The issue of whether or not the defendant and federal employee can be charged is established under the court held under Taylor v. Commonwealth, 260 Va. 683 (2000) Record No. 992996 260 Va. 683, (2000). The victim instead of unlawfully removing the child followed the due process of the law. It is affirmed it would be a mockery of the law to reward the defendant for criminal actions and punish the victim for adhering to the law.


## COUNT 6

§ 16-10-20 violations highlight a pattern of falsification and omission allegedly employed by the defendant. These actions have created clear pattern of misrepresentation and falsification for personal benefit.  The defendants U.S. passport should be revoked pursuant to 22 C.F.R. § 51.62

during the during the period of had fraudulently used an expired Schengen visa. The defendant arrived in Germany in 15.08.2021 under a Schengen visa for 90 days which ended 13.11.2021 (C visas) and registered under the complainants address on or around 14 OCT 2021. The defendant initiated a pre-employment physical on 17.11.2023. The defendant allegedly still applied for SOFA status under fraudulent Schengen visa, to obtain US employment in a foreign country.

## COUNT 7
### 18 U.S. Code Chapter 73 - Obstruction Of Justice

The complainant asserts that the defendant has obstructed the return of the minor child. By making further false claims to both military, foreign officials, law enforcement officers investigating and this is a "Custody Issue" stating the US Legitimation order is not valid which states "The parties are to have joint legal and physical custody of the minor child, with shared decision-making authority and full access to all information concerning the child's education, religious training, and medical care" to have been carried out without foreign court orders and may have adversely impacted due process of the law.

## CONCLUSION

In light of the allegations brought forth by the complainant, it is asserted that immediate judicial intervention is necessary to protect the child's well-being and potential familial connections. The charges encompass a spectrum of felony level offenses, both within the realm of family law and potentially broader federal regulations. The court is encouraged to carefully examine the evidence presented and determine the appropriate course of action in the pursuit of justice and the protection of the minor child The defendant's actions warrant consideration under the Family Violence Act of Georgia (O.C.G.A. § 19-13-1 et seq.)

**Enclosures**

1. Original Custody Agreement
2. Sole Custody Relocation Agreement
3. Parenting Agreement
4. Criminal Intent
5. Special Military Power Of Attorney
6. Military Relocation Orders

# Enclosure 1

# Original Custody Agreement

07.*    Filed In Office Oct-08-2018 14:01:25
ID# 2018-0141771-CV
Page 1

Rebecca Keaton
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JOVON DUHART, | * | CIVIL ACTION FILE |
| Petitioner, | | |
| VS. | * | NUMBER 18-1-6975-53 |
| TAYLOR KRISTAN, | * | |
| Respondent. | | |
| | * | |

## ORDER OF LEGITIMATION

The within and foregoing case having come on for hearing on the 8th day of October, 2018, on Petitioner's Petition For Legitimation and Petitioner having appeared pro se and Respondent having executed a sworn Mother's Consent To Legitimation and after hearing evidence from Petitioner and Respondent, the Court hereby finds and orders the following, to wit:

1.

Respondent/Mother has consented to venue and jurisdiction in Cobb County Superior Court and has waived any additional notice of hearing.

2.

Respondent/Mother has filed a sworn Mother's Consent To Legitimation.

3.

Petitioner, as the father of the minor child at issue, Annabelle Clarice Duhart, born 2013, is entitled to the relief sought in his Petition For Legitimation under the provisions of O.C.G.A. § 19-7-22.

ID# 2018-0141771-CV
Page 2

4.

It is therefore the decision of this Court that Plaintiff/Father is entitled to the relief demanded in said petition, and it is the judgment of this Court that Annabelle Clarice Duhart, born 2013, is hereby declared to be legitimate and to be the legitimate child of Jovon Duhart, capable of inheriting from her father in the same manner as if born in lawful wedlock.

5.

The parties are to have joint legal and physical custody of the minor child, with shared decision-making authority and full access to all information concerning the child's education, religious training, and medical care. Child Support is not addressed at this time as the parties live together with the minor child.

6.

No changes to the minor child's birth certificate are requested at this time.

SO ORDERED this 8th day of October, 2018.

_Michael Stoddard_
MICHAEL STODDARD
SENIOR JUDGE, STATE OF GEORGIA
COBB JUDICIAL CIRCUIT

Duhart v. Kristan
C.A.F.N. 18-1-6975-53

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

Jovan M. Dihart

| United States of America | ) | |
| v. | ) | |
| Taylor Kristan | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## ~~CRIMINAL~~ COMPLAINT
*Civil*

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the

_____ District of _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 1. 18 USC 1204 (Principal Offense) | 1. INTERNATIONAL PARENTAL KIDNAPPING |
| | Other felony offenses that lead to wrongful removal listed in verified criminal complaint. |

This criminal complaint is based on these facts:

VERIFIED CRIMINAL COMPLAINT
STATEMENT OF MATERIAL FACTS & INDEX

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____

_____
*Judge's signature*

City and state: _____

_____
*Printed name and title*

Print    Save As...    Attach    Reset

Filed In Office Sep-14-2018 16:31:03
ID# 2018-0130663-CV
Case 1
Rebecca Keaton
Clerk of Superior Court Cobb County

# IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

Petitioner: Jovon Dunart

and

Respondent: Taylor Kriston

Civil Action File No.: 18-1-6975-53

## ACKNOWLEDGMENT OF SERVICE

The undersigned Respondent hereby acknowledges service of the above *Petition for Legitimation* and states that she has received a copy of said *Petition*, and Respondent hereby waives any and all further notice, service, and issuance of process.

Signed this ___14th___ day of ___Sept___ ___2018___.

                  [day]           [month]           [year]



(Sign your name here before Notary)    Respondent, *Self-Represented*

Respondent's Name (print or type): __Taylor Kriston__
Respondent's Address: __4809 Helga Way__
__Woodstock, GA, 30188__
Respondent's Telephone Number: __770-500-9642__

Sworn to and affirmed before me, this
__14th__ day of __Sept 2018__.

_____
NOTARY PUBLIC
My commission expires: __11-12-19__
(Notary Seal)

*[Notary Seal: MARY E. HUCKABY, NOTARY, EXPIRES GEORGIA NOV 12, 2019, PUBLIC, COBB COUNTY]*

"Legitimation Packet"
Provided by the Superior Court of Cobb County.

Page 12 of 41
Rev 7. 2/2017

Verified Criminal Complaint 011

Filed In Office Sep-14-2018 16:31:03
ID# 2018-01-30664-CV
Page 1

**IN THE SUPERIOR COURT OF COBB COUNTY**

**STATE OF GEORGIA**

Rebecca Keaton
Clerk of Superior Court Cobb County

Javon Duhart
PETITIONER,

VERSUS

Taylor Kristan,
RESPONDENT.

CIVIL ACTION FILE NUMBER

18-1-6975-53

## RESPONDENT'S ANSWER TO PETITIONER'S
## PETITION FOR LEGITIMATION

My name is ~~Javon Duhart~~ Taylor Kristan, and I am representing myself in this legitimation
action. In support of my case, I state the following:

1.

Respondent (CIRCLE ONE: **ADMITS** OR DENIES) the allegations contained in Paragraph 1 of
Petitioner's *Petition for Legitimation*.

2.

Respondent (CIRCLE ONE: **ADMITS** OR DENIES) the allegations contained in Paragraph 2 of
Petitioner's *Petition for Legitimation*.

3.

Respondent (CIRCLE ONE: **ADMITS** OR DENIES) the allegations contained in Paragraph 3 of
Petitioner's *Petition for Legitimation*.

4.

Respondent (CIRCLE ONE: **ADMITS** OR DENIES) the allegations contained in Paragraph 4 of
Petitioner's *Petition for Legitimation*.

5.

Respondent (CIRCLE ONE: **ADMITS** OR DENIES) the allegations contained in Paragraph 5 of
Petitioner's *Petition for Legitimation*.

"Legitimation Packet"
Provided by the Superior Court of Cobb County.                    Page 26 of 41
                                                                 Rev 7. 2/2017

Verified Criminal Complaint 012

ID# 2018-0130664-CV
Page 2

6.

Respondent (CIRCLE ONE: ADMITS OR DENIES) the allegations contained in Paragraph 6 of Petitioner's *Petition for Legitimation.*

7.

Respondent (CIRCLE ONE: ADMITS OR DENIES) the allegations contained in Paragraph 7 of Petitioner's *Petition for Legitimation.*

8.

Respondent (CIRCLE ONE: ADMITS OR DENIES) the allegations contained in Paragraph 8 of Petitioner's *Petition for Legitimation.*

Signed this ___14th___ day of ___Sept___, 20_18_.

(Sign your name here before notary)  Respondent, *Self-Represented*

Respondent's Name (Print or Type): Taylor Kriston

Respondent's Address: 4809 Helga Way, Woodstock, GA

Respondent's Telephone Number: 770.500.9642

Sworn to and affirmed before me
this 14th day of Sept 2018, 20___.

Mary E. Huckaby
NOTARY PUBLIC
My Commission Expires: 11-12-19
(Notary Seal)

MARY E. HUCKABY
NOTARY
GEORGIA
EXPIRES
NOV 12, 2019
PUBLIC
COBB COUNTY

"Legitimation Packet"                                                    Page 27 of 41
Provided by the Superior Court of Cobb County.                Rev 7. 2/2017

Verified Criminal Complaint 013

## IN THE SUPERIOR COURT OF COBB COUNTY·

### STATE OF GEORGIA

Javon Dunhart,
PETITIONER,

VERSUS

Taylor Kristan,
RESPONDENT.

CIVIL ACTION FILE NUMBER

_____

### CERTIFICATE OF SERVICE

This document certifies that on _____, 20____, I sent copies of the following documents:

### ANSWER TO PETITIONER'S PETITION FOR LEGITIMATION

to the opposing party by: (CHOOSE ONE: first class mail OR certified mail and return receipt was requested).

The documents were addressed as follows:

_____

_____

Signed this _14th_ day of _Sept_, 20_18_.

_____

(Sign your name here before notary) Respondent, *Self-Represented*

Respondent's Name (Print or Type): Taylor Kristan

Respondent's Address: 4809 Helga Way, Woodstock, GA

Respondent's Telephone Number: 770·500·9642

Sworn to and affirmed before me
this _14th_ day of _Sept 2018_, 20___.

_Mary E Huckaby_
NOTARY PUBLIC
My Commission Expires: _11-12-19_
(Notary Seal)

MARY E. HUCKABY
NOTARY
EXPIRES
GEORGIA
NOV 12, 2019
PUBLIC
COBB COUNTY

"Legitimation Packet"
Provided by the Superior Court of Cobb County.

Page 28 of 41
Rev 7. 2/2017

Verified Criminal Complaint 014

ID# 2018-01306641-CV Page 3

Filed In Office Sep-14-2018 16:31:03
ID# 2018-0130665-CV
Page 1

Rebecca Keaton
Clerk of Superior Court Cobb County

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER __18-1-6975-53__
Assigned by Clerk

__Juan Duhart__
Plaintiff

Vs.

__Taylor Kristan__
Defendant

## TYPE OF ACTION

1. ___ Divorce without Agreement Attached
2. ___ Divorce with Agreement Attached
3. _X_ Domestic Relations
4. ___ Damages Arising out of Contract
5. ___ Damages Arising out of Tort
6. ___ Condemnation
7. ___ Equity
8. ___ Zoning- County Ordinance Violations (i.e. Injunctive Relief-Zoning)
9. ___ Zoning Appeals (denovo)
10. ___ Appeal, Including denovo appeal- excluding Zoning

11. ___ URESA
12. ___ Name Change
13. ___ Other
14. ___ Recusal
15. ___ Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

_X_ NO

___ YES- If yes, please fill out the following:
    1. Case # _____
    2. Parties _____ vs. _____
    3. Assigned Judge _____
    4. Is this case still pending? ___ Yes ___ No
    5. Brief description of similarities: _____

_____
Attorney or Party Filing Suit

Verified Criminal Complaint 015

18-1-0975-53

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of _____ Cobb _____ County

| For Clerk Use Only | |
| --- | --- |
| Date Filed _____ MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| Dehart | Jason | M | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |
| Kristan | Taylor | A | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☒

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☒ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**   _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request. _____

Version 1.1.18

Filed In Office Sep-14-2018 16:42:35
ID# 2018-0130695-CV
Page 1

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

Jovan Duhart _____ CIVIL ACTION # 18-1-6975-53

VS.

Taylor Kristan _____

NOTICE OF SCHEDULING.

The above styled case has been scheduled for an uncontested final hearing.

on _____ Oct. 8, 2018 _____. This hearing will be held in

Courtroom "2000" on the 2nd floor of the Superior Court, at 1:30 pm. The

Honorable Judge _____ Grubbs _____ presiding.

_____                          _____
Plaintiff                                        Calendar Clerk

If you will require the service of a language
interpreter,  please contact Cathy Dunn at 770-528-1861
at least 72 hours before your court date.

5/2015

Case Number: 18-1-697553

Duhart vs Kristan

## HEARING TRANSACTION

Date: 10, 8, 18          Judge: Stoddard          Time: 1:36

☐ Contested          ☑ Granted          ☐ Reported
☑ Uncontested          ☐ Order to Follow          ☐ Continued
☐ Motion          ☑ Order Entered          ☐ DWOP
☐ Jury          ☐ Under Advisement
☐ Peremptory          Notes:

granted final O/E

## HEARING TRANSACTION

Date:    /    /          Judge:          Time:

☐ Contested          ☐ Granted          ☐ Reported
☐ Uncontested          ☐ Order to Follow          ☐ Continued
☐ Motion          ☐ Order Entered          ☐ DWOP
☐ Jury          ☐ Under Advisement
☐ Peremptory          Notes:

## HEARING TRANSACTION

Date:    /    /          Judge:          Time:

☐ Contested          ☐ Granted          ☐ Reported
☐ Uncontested          ☐ Order to Follow          ☐ Continued
☐ Motion          ☐ Order Entered          ☐ DWOP
☐ Jury          ☐ Under Advisement
☐ Peremptory          Notes:

# Enclosure 2

# Sole Custody Relocation Agreement

# CUSTODY & RELOCATION AGREEMENT

This Custody & Relocation Agreement (this "Agreement") is made and entered into as of this _29_ day of _April_, 20 _21_, (the "Effective Date") by and between:

**Parent 1:** Jovan Michael Duhart
**Address:** 4809 Helga Way, Woodstock, GA, 30188

**Parent 2:** Taylor Amanda Kristan
**Address:** 4809 Helga Way, Woodstock, GA, 30188

WHEREAS the parties: **Have minor children.** The parents are parents or legal guardians of the following minor child(ren):

**Child:** Annabelle Clarice Duhart
**Born:** July 09, 2013
**Address:** 4809 Helga Way, Woodstock, GA, 30188

The child hereinafter collectively referred to as the "child"; and

WHEREAS, it is the desire and intention of the parties that the care and custody of the child to be finally fixed by this Agreement.

NOW THEREFORE, First Parent and Second Parent freely and fully accept the provisions, terms and conditions hereof and in consideration of the promises and mutual covenants herein contained as well as for other good and valuable considerations not herein specifically set forth, the parties do hereby agree to the following:

## Terms Of Custody & Relocation Agreement

**1. Legal Custody Of The Child:** <u>**First Parent has sole legal custody.**</u> The parties agree that First Parent shall have sole legal custody of the minor child and shall be free to make all decisions in all matters pertaining to the upbringing of the minor child, including health, medical and dental care, education, religion, vacations, travel, welfare and relocation of the child. This agreement will be terminated if or when First Parent undergoes a medical emergency and or death.

**2. Length Of This Agreement:** This agreement shall take effect as from (Date Signed)



for an indefinite period of time. This agreement may be terminated by one party, by submitting written notification to the other party. This agreement will be terminated not less than 3 (years) from the date of the written notification. This agreement will be terminated after 3 (years) from the date of this signed document and a new agreement will be made by both parents. This agreement may also be terminated in the event of force majeure that makes it impossible for one or the other of the parties to execute their obligations.

**3. Free and Voluntary Execution.** The parties hereto declare that they have fully read and fully understand the provisions contained in this Agreement and believe this Agreement to be fair, just and reasonable. Each party is signing this Agreement freely and voluntarily, without undue influence, fraud, collusion or misrepresentation, and intend to be bound by it.

**4. Modifications and Amendments.** This Agreement may only be amended or modified or deemed amended or modified by an agreement in writing duly signed by the parties or by any court of competent jurisdiction.

**5. Governing Law.** This Agreement shall be construed and governed in accordance with the laws of the **State of Georgia, Cobb County**.

**6. Disputes: Mediation first** the parties agree that in the event it shall become necessary to enforce this Agreement or any term hereof, the parties shall first attempt to mediate the issue with a certified mediator to be mutually agreeable to each. In the event that the parties are unable to mediate the issue, either party shall thereafter be free to seek the enforcement of this Agreement in the applicable court of competent jurisdiction.

**7. Admissibility.** This Agreement or a copy of the same may be introduced in evidence by either party to this cause, and the court is requested to make the same a part of any final order or final judgment entered in this cause. This Agreement will be construed as being jointly prepared and written by all parties hereto.

**8. Severability.** If any provision of this Agreement is held to be invalid, illegal or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid, legal and enforceable as though the invalid, illegal or unenforceable parts had not been included in this Agreement.

**9. Mutual Release.** Except as provided in this Agreement, each party releases the other from all claims, demands due, debts, rights, or causes of action in contract, tort or otherwise up to the date of this Agreement.

**10. Entire Agreement.** This Agreement contains the entire understanding of the parties, who hereby acknowledge that there have been and are no representations, warranties, covenants, or understandings other than those expressly set forth herein.

IN WITNESS WHEREOF, the Second Parent hereto has executed this Agreement as of the Effective Date.

_____
**Second Parent** Signature

_____
Taylor Amanda Kristan
**Second Parent** Full Name

### NOTARY ACKNOWLEDGEMENT

State of _Georgia_          )
                            ) (Seal)
County of _Cobb_            )

The foregoing instrument was acknowledged before me this _29th_ day of _Apri l_, 20 _21_ , by the undersigned, _Taylor Kristan_, who is personally known to me or satisfactorily proven to me to be the person whose name is subscribed to the within instrument.

_____
Signature

_Maria Almanza_
Notary Public

My Commission Expires: _03/08/25_

# Enclosure 3 Parenting Agreement

State of _Georgia_

# PARENTING AGREEMENT

This Parenting Plan (this "Agreement") is made and entered into as of this ___09___ day of
___February___, 20 _23_, (the "Effective Date") by and between:

**First Parent:** _Jovan Duhart_ [Name], residing at _CMR 480 Box 2374, Stuttgart. DE_
_APO AE 09128_ [Address] ("First Parent") and

**Second Parent:** _Taylor Kristen_ [Name], residing at _CMR 480 Box 3043_
_APO AE 09128_ [Address] ("Second Parent").

WHEREAS the parties: (Check all that apply)

☒ **Have minor children.** The parents are parents or legal guardians of the following minor child(ren):

- _Annabelle Duhart_ [Name], born _09 JULY 2013_ [Date]; and
- _____ [Name], born_____ [Date]; and
- _____ [Name], born_____ [Date]; and
- _____ [Name], born_____ [Date]; and

☐ **Are expecting children.** The parties are expecting_____ [Number] child(ren) to be born on
_____, 20_____,

the child(ren) hereinafter collectively referred to as the "minor child"; and

WHEREAS, it is the desire and intention of the parties that the care and custody of the minor child(ren) to be finally fixed by this Agreement.

NOW THEREFORE, First Parent and Second Parent freely and fully accept the provisions, terms and conditions hereof and in consideration of the promises and mutual covenants herein contained as well as for other good and valuable considerations not herein specifically set forth, the parties do hereby agree to the following:

**1. Legal Custody of the Minor Child.** (Check one)

☒ **Shared legal custody.** The parties agree that it is in the best interests of the minor child that the parties share parental responsibilities. Each party recognizes that the other has a right to and shall fully participate in all important matters pertaining to the minor child's upbringing, including health, welfare and

education. With this in mind, the parties agree that they shall have shared legal custody of the minor child and that all decisions regarding the health, medical and dental care, education, religion, vacations, travel, welfare and other aspects of the upbringing of the minor child shall be made on a joint decision-making basis.

**2. Physical Custody of the Minor Child.** (Check one)

☑ **Shared physical custody.** Subject to the terms and conditions set out below, the parties agree that they shall share physical custody of the minor child.

**Terms of Physical Custody**

1. **Primary Residence:** The primary residence shall be switched every (3) years between the First Parent and the Second Parent. Starting with the First Parent beginning
   1st Parent AUG 2021-AUG 2024
   2nd Parent AUG 2024-AUG 2027
   1st Parent AUG 2027-AUG 2030
   2nd Parent AUG 2030-AUG 2033

2. **Childcare Provision Schedule**: Childcare provision is to be split equally between both parents on 2-week rotating schedule where either the 1st Parent or 2nd Parent will be the primary caregiver at their own residence. Holiday provision schedule can be found Exhibit A. The child cannot refuse to abide by parenting schedule, unless agreed upon by both parents in writing in a notarized document.

3. **Scheduling Conflicts:** both parties agree to give as early as a possible notification of significant changes in schedules that would impact childcare. Preferably a 90-Day window of any events that could impact childcare. If a resolution is not possible it is on the primary caregiver at the time to find a suitable caregiver or accommodations to resolve the scheduling conflict.

4. **Relocation:** It is agreed upon between both parties that if a parent chooses to relocate during the 3-year term. They cannot change the primary residence of the child unless agreed upon by both parents in a notarized document.

5. **Temporarily Relocating/Displaced Parent:** In the event a Parent must displace or temporarily relocate from the primary residence that parent will be responsible for 50% of the following financial child support:

   a. **Child Support for 50% following costs**
      i. Grocery
      ii. Medical Expenses
      iii. Seasonal Clothing Purchases
      iv. School Expenses
      v. Extra-curricular Activities
      vi. Utilities (the differential amount of the child's usage)
      vii. Child Rearing support not to exceed (24 hours per month.

   b. **Visitation during Temporary Relocation/Displacement**
      i. The displaced parent is entitled to the following visitation if the situation permits: Summer vacation based off the school's schedule, including one other school break.
      ii. The displaced parent is entitled to visit the child within 14-day notification of the primary parent.

iii.   Transportation cost will be 100% the Responsibility

6.  **Telephone Contact:** Each parent may have reasonable telephone contact with the child(ren) during the child(ren)'s normal waking hours as well as holidays.

7.  **Parental responsibilities while caring for child**

   a.  In the event of an emergency, serious illness or accident or other circumstance seriously affecting the minor child's health and general welfare, the party who has physical possession or control of the minor child at the time will immediately notify the other party of such circumstances. The party who is notified shall have immediate access to the minor child and/or the right to telephonic communication with the minor child

   b.  In the event of a medical emergency, and only in such event, each party acknowledges that he/she has full confidence in the other's ability to make a unilateral decision for the minor child's welfare which otherwise would be a joint decision of the parties

   c.  Each party shall be entitled to complete and detailed information from all pediatricians, physicians, dentists, consultants, or specialists attending the minor child for any reason whatsoever and to be furnished upon written request with copies of any reports given to other party. Each party shall be entitled to complete and detailed information from all teachers, schools, summer camps or other institutions which the child may attend or become associated with in any way

   d.  Both parties shall be entitled to participate with and attend special activities in which the minor child is engaged, such as religious activities, school programs, sports events and other extracurricular activities and programs and important social events in which the minor child is or may be engaged or involved.

   e.  Each parent will promote a healthy, beneficial relationship between the child(ren) and the other parent and will not demean or speak negatively in any manner that would damage the relationship between either parent or the child(ren). Any discussions involving the parental relationship and the child will be done with both parents present.

   f.  Each parent agrees to not introduce potential significant others until 6 months after dating; in both public and private settings; at which point both parents will have a discussion with said significant prior to meeting the child. At that time, both parents will present the parenting plan to potential significant other to inform them of the expectations and guidelines that both parents have already agreed upon, so they have full knowledge of expectations set forth in this parenting contract.

   g.  Each parent agrees that potential significant others (parties they are dating, talking to, having sexual relations in any form) will not spend the night while the child is present in the parent's primary care.

   h.  The child will not be left alone with any significant other until they are married, unless otherwise agreed upon by both parents in writing and a notarized document.

   i.  Both parents have the right to refuse a caregiver while the child is in the other parent's custody based on concerns for the child's safety, wellbeing, discipline, conflict of interest, or overall ability to care for the child adequately.

   j.  Neither parent will abuse alcohol or use illegal drugs when the child(ren) are in their care. Neither parent will allow the child(ren) to be in the presence of anyone abusing alcohol or using illegals drugs.

<u>Tax Returns</u>

1.  The parties agree that they will claim the minor child on his/her federal, state and local tax returns, alternating years. Beginning fiscal year 2021, first parent claims child as dependent on tax return.

**3. Minor Child's Medical Insurance.** (Check one)

☑ **The parties** shall share equally the costs for maintaining existing medical insurance for the minor child.

☐

Any and all reasonable expenses not covered shall be (Check one) ☑ shared equally between the parties ☐ paid by First Parent ☐ paid by Second Parent.

**4. Legal Representations.** Each party has had the opportunity to have independent counsel and legal advice of his/her own selection in the negotiation of this Agreement. Each party fully understands the facts and has been fully informed as to his/her legal rights and obligations.

**5. Fees and Costs.** Each party shall be solely responsible for his/her respective attorney's fees and costs incurred as a result of the negotiation of this Agreement. However, in the event that either party shall retain or engage an attorney or attorneys to collect or enforce or protect his/her interest with respect to this Agreement, the prevailing party shall be entitled to receive payment of all costs and expenses of such collection, enforcement or protection, including reasonable attorneys' fees.

**6.     Free and Voluntary Execution.** The parties hereto declare that they have fully read and fully understand the provisions contained in this Agreement and believe this Agreement to be fair, just and reasonable. Each party is signing this Agreement freely and voluntarily, without undue influence, fraud, collusion or misrepresentation, and intend to be bound by it.

**7.     Further Assurances.** Each party shall execute, acknowledge or deliver any instrument, paper or document, furnish any information or take such other actions as reasonably may be necessary in connection with the performance of the obligations set forth in this Agreement.

**13. Modifications and Amendments.** This Agreement may only be amended or modified or deemed amended or modified by an agreement in writing duly signed by the parties or by any court of competent jurisdiction.

**14. No Waiver.** Any non-written waiver by either party of any provision of this Agreement or any right or option hereunder shall not be controlling, nor shall it prevent such party from thereafter enforcing such provision, right or option. The failure of either party to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement by the other party shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect.

**15. Governing Law.** This Agreement shall be construed and governed in accordance with the laws of the State of _Georgia_.

**16. Disputes.** (Check one)

☑ **Mediation first.** The parties agree that in the event it shall become necessary to enforce this Agreement or any term hereof, the parties shall first attempt to mediate the issue with a certified mediator to be mutually agreeable to each. In the event that the parties are unable to mediate the issue, either party shall thereafter be free to seek the enforcement of this Agreement in the applicable court of competent jurisdiction.

**17. Attorney's Fees.** (Check one)

☐ Not applicable.
☑ If either Party brings legal action to enforce its rights under this Agreement, the prevailing party will be entitled to recover from the other Party its expenses (including reasonable attorneys' fees) incurred in connection with the action and any appeal.

**18. Admissibility.** This Agreement or a copy of the same may be introduced in evidence by either party to this cause, and the court is requested to make the same a part of any final order or final judgment entered in this cause. This Agreement will be construed as being jointly prepared and written by all parties hereto.

**19. Severability.** If any provision of this Agreement is held to be invalid, illegal or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid, legal and enforceable as though the invalid, illegal or unenforceable parts had not been included in this Agreement.

**20. Mutual Release.** Except as provided in this Agreement, each party releases the other from all claims, demands due, debts, rights, or causes of action in contract, tort or otherwise up to the date of this Agreement.

**21. Headings.** The section headings herein are for reference purposes only and shall not otherwise affect the meaning, construction or interpretation of any provision of this Agreement.

**22. Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, heirs, administrators, executors, successors and permitted assigns.

**23. Entire Agreement.** This Agreement contains the entire understanding of the parties, who hereby acknowledge that there have been and are no representations, warranties, covenants, or understandings other than those expressly set forth herein.

**24. Miscellaneous.**   N/A _____

_____
_____
_____

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.


_____          Jovan Michael Duhart
**First Parent** Signature                                    **First Parent** Full Name


_____          Taylor Amanda Kristen
**Second Parent** Signature                                **Second Parent** Full Name

**Signed in the presence of:**

**First Witness**

09 FEB 2023
First Witness Signature                    (date)

SPC Corey S. Walters
First Witness Name

Kelley Barracks
First Witness Address

STUTTGART GERMANY    09751
First Witness City, State and Zip Code

**Second Witness**

09 Feb 2023
Second Witness Signature                    (date)

SPC Devon Major
Second Witness Name

Kelley Barracks
Second Witness Address

Stuttgart, Germany 09751
Second Witness City, State and Zip Code

## NOTARY ACKNOWLEDGEMENT

State of ___ WITH THE U.S. ARMED FORCES

County of ___ STUTTGART, GERMANY

*Seal: Notary Public Authorized Under — SEAL — 10 USC 1044a*

The foregoing instrument was acknowledged before me this ___9___ day of ___February___,
20_23_, by the undersigned, ___Jovan Dehert___, who is personally known to me or
satisfactorily proven to me to be the person whose name is subscribed to the within instrument.

_____
Signature

_____
Notary Public      Andre Smith

My Commission Expires: ___ INDEFINITE PER 10 USC 1044(A)___

State of ___ WITH THE U.S. ARMED FORCES

County of ___ STUTTGART, GERMANY ___ )

*Seal: Notary Public Authorized Under — SEAL — 10 USC 1044a*

The foregoing instrument was acknowledged before me this ___9___ day of ___February___,
20_23_, by the undersigned, ___Taylor Kristan___, who is personally known to me or
satisfactorily proven to me to be the person whose name is subscribed to the within instrument.

_____
Signature

_____
Notary Public      Andre Smith

My Commission Expires: ___ INDEFINITE PER 10 USC 1044(A)___

# EXHIBIT A

## PARENTING SCHEDULE

The parties have agreed to the following parenting/ visitation schedule:

**I.  Holidays:**
Holidays shall be alternated yearly between first and second parent.

☑   First Parent shall have the minor child for the following holidays for the following years. holidays: 2023. The parent shall alternate from here forth.

Christmas Eve, Christmas Day, New Year's Eve

Second parent shall have the minor child for the following holidays in 2023. The parent shall alternate from here forth.

Fourth of July, Thanksgiving

☐ Child's Birthday        ☐ Father's Birthday
☐ Mother's Birthday      ☐ Other: _____

The parties agree to mutually confer and agree as to the pick-up and drop-off times of the minor child's holiday visitations as agreed to above.

**II. Miscellaneous:** The parties agree to mutually confer and agree as to the times and dates of the child's visitations with (Check one) ☐ First Parent ☐ Second Parent that is not specifically mentioned herein.

**III. Right of First Refusal:** (Check one)

☑ In the event **First Parent** is unable to care for the minor child during his/her scheduled visitation time for a period of more than 8 hours, the parties agree that First Parent shall immediately notify and provide the other party the "Right of First Refusal" to care for the minor child. Once First Parent is able to pick up

the minor child from the other party, he/she shall pick up the minor child and continue with the visitation schedule as planned.

☑   In the event **Second Parent** is unable to care for the minor child during his/her scheduled visitation time for a period of more than 8 hours, the parties agree that Second Parent shall immediately notify and provide the other party the "Right of First Refusal" to care for the minor child. Once Second Parent is able to pick up the minor child from the other party, he/she shall pick up the minor child and continue with the visitation schedule as planned.

**IV.  Other:** _____

_____

_____

First Parent : Jovan Duhart                          09 FEB 2023

Second Parent : Taylor Kristan                          09 FEB 2023

WITH THE U.S. ARMEDFORCES

STUTTGART, GERMANY

State of _____   County of _____

Subscribed and sworn to (or affirmed) before me on this  9  day of  February  , 20 23 by  Jovan Duhart

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public Signature

SPC COREY S. WALTERS
PARALEGAL SPECIALIST
10 USC 1044A

WITH THE U.S. ARMEDFORCES

STUTTGART, GERMANY

State of _____   County of _____

Subscribed and sworn to (or affirmed) before me on this  9  day of  February  , 20 23 by  Taylor Kristan

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public Signature

SPC COREY S. WALTERS
PARALEGAL SPECIALIST
10 USC 1044A

Notary Public Authorized Under
SEAL
10 USC 1044a

Notary Public Authorized Under
SEAL
10 USC 1044a

# Enclosure 4 Criminal Intent



*International Parental Kidnapping - Felony*

• Page 3

go to sports. And Annabelle has also mastered the German language quite well in the meantime. The mother does not want to return to the USA.   18 USC 1204



It is suggested to appoint a guardian ad litem for the child Annabelle.

It is also requested that an English language (American) interpreter be appointed for the applicant.

Further factual presentation remains reserved

Sandra Fasolt
Lawyer

# Enclosure 5

# Special Military Power Of Attorney

# SPECIAL POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:**

That I  *Jovan Duhart* , of the State of  *Georgia* , do hereby appoint  *Daniel Duhart* , of the State of  *Georgia* , my true and lawful attorney-in-fact to act in my name and in my behalf with respect to the following **SIGNED** subjects:

* To grant a power, <u>SIGN</u> your name in the box in front of the power.
* If you sign a box, all information for that subject needs to be completed.
* To withhold a power, <u>CROSS OUT</u> the box.

| Client's Signature |
| --- |



A. <u>**DEERS & ID CARD**</u>: To enroll dependents into the DEERS system and to replace lost, stolen, or expired identification cards within the DEERS system, and to fill out and sign any and all documents required to accomplish the forgoing.

B. <u>**TRICARE & EFMP**</u>: To prepare, execute and deliver any and all documents to enroll or update TriCare and Exceptional Family Member Program information.

C. <u>**ACTIVE DUTY DFAS & MILITARY FINANCE**</u>: To conduct any and all affairs with Defense Finance Accounting Services, and any military finance office with regards to my military pay. To conduct any other financial business to include opening and closing accounts, signing for loans, start, stop, or modify allotments and direct deposits, and order or receive documents.

D. <u>**RETIRED MILITARY & ANNUITY PAY**</u>



   1. To conduct any and all affairs with Defense Finance Accounting Services, and any military finance office with regards to my retired military pay and annuity pay. To conduct any other financial business to include correspondence address changes, issuing account statements, issuing W2 or 1099R forms, completing reports of existence, completing and signing annuity applications, requests for copies of documents and obtain account information protected by the Privacy Act of 1974.

   2. If a trustee or court-appointed guardian is necessary, I want the agent named in this document to serve in that capacity.

E. <u>**AER LOAN/GRANT**</u>: To apply for, contract, and receive a loan or loans and to borrow any sums of money or to apply for grants from service relief organizations (e.g., Army Emergency Relief), in my name and upon such terms as my said attorney-in-fact shall see fit and to execute in the name of the undersigned a DD Form 139 and/or such other indemnities, applications, or other documents which may be required by law or regulation to effect such loan or grant; to receive, endorse, and collect checks payable to the order of the undersigned obtained pursuant to such loans or grants; to obligate the undersigned for repayment, if warranted, of such assistance.



F. <u>**PROCESS TRAVEL DOCUMENTS**</u>: To prepare, execute and deliver any and all documents needed for travel of my family members, including no-fee passports as authorized by law and military regulations.



G. <u>**MEDICAL RECORDS**</u>: To access my military medical and/or dental records and to serve as my personal representative for all purposes of the Health Insurance Portability and Accountability Act of 1996, the regulations in 45 C.F.R. Sec. 160 et seq., and any other applicable federal, state or local laws or regulations (collectively "HIPPA"), including the authority to request, receive, obtain and review, and be granted full and unlimited access to, and consent to the disclosure of complete un-redacted copies of any and all health, medical and financial information and any information or records referred to in 45 C.F.R. Sec. 164.501 and regulated by the Standards for Privacy of Individually Identifiable Health Information found in <u>65 Fed. Reg. 82462</u> as protected private records or otherwise covered under HIPPA.

Page **1** of 7



*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to The right is completed*

*ONLY sign if information to the right is completed*

**H. PURCHASE REAL PROPERTY**: To purchase in my name and for my use the below-described real property located at: _____, and for that purpose to make, indorse, accept, receive, sign, seal, execute, acknowledge, and deliver any application forms, documents, instruments, or paper necessary or convenient to enter into both a contract and mortgage or deed of trust upon said real estate for such price, at such a rate of interest and upon such terms as he/she shall deem best, but the loan will not exceed $_____, with an interest rate not to exceed _____% and will be repaid over a period not to exceed 30 years.

**I. REFINANCE REAL PROPERTY**: To refinance in my name and for my use the below-described real property located at: _____, and for that purpose to make, indorse, accept, receive, sign, seal, execute, acknowledge, and deliver any application forms, documents, instruments, or paper necessary or convenient to enter into both a contract and mortgage or deed of trust upon said real estate, at such rate of interest and upon such terms as he/she shall deem best, but the loan will not exceed $_____, with an interest rate not to exceed _____% and will be repaid over a period not to exceed 30 years.

**J. SELL REAL PROPERTY**: To bargain, sell, assign, and convey, using the standard of a reasonable seller under no compulsion to sell and engaging in an arms-length bargaining transaction, to any person of my attorney's choice, all my right, title and interest in (Legal Description of Address): _____ and to convey by deed or general warranty with the customary covenants; to receive, on my behalf, payment of the purchase money for the real property described above in any manner that my attorney shall deem wise; to transmit these moneys to me, and to sign, seal, execute and deliver any and all deeds, contracts, or other documents necessary to carry out the foregoing.

**K. RENTAL & MANAGEMENT OF REAL PROPERTY**: To do an perform any and all acts necessary or appropriate to rent or lease and to maintain as rental property the dwelling I own, located at: _____ to persons to be determined by my said attorney-in-fact for a sum in the amount of $_____ per month until the Lease Termination Date, and to enforce any and all lawful rights and claims I may have against any former, present, or future tenant, or lessee thereof.

**L. MAINTAIN REAL PROPERTY**: To maintain in a habitable condition, improve and to make necessary repairs to the real property located at: _____ and to fill out and sign any and all documents to accomplish the foregoing.

**M. ACCEPT NON-MILITARY HOUSING**: To rent, lease, renew, extend, receive, accept or otherwise acquire in my place and for my account, property suitable for living quarters located in: _____ for a fixed period of time upon such terms, considerations, and conditions as my said attorney-in-fact shall think proper. My attorney-in-fact is authorized to take possession and to enter into such property; also, to guard, defend, possess and otherwise secure all property, be it personal or missed, contained in or attached to said premises. To deposit in my name any amount of funds or property not to exceed $_____to effectuate a security deposit for said premises. In the event of damage to said property, intentionally or otherwise, to initiate, maintain, compromise or otherwise dispose of any legal or equitable suit or claim against the other party causing the damage for the loss, and to receive payment in reimbursement for said loss.



*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

*ONLY sign if information to the right is completed*

**N. TERMINATE NON-MILITARY HOUSING**: To effect termination of Civilian living quarters rented/leased to me or my family members at: _____
_____,
to procure or return any and all property used in or for such quarters; and to sign any and all documents and do all acts necessary and proper to terminate my responsibility for such quarters, to include but not limited the handling of all money transfer actions associated with the foregoing.

**O. ACCEPT MILITARY HOUSING**: To accept military quarters assigned to me or my family members; and sign for me and take possession of such quarters in my name; and sign for an take possession of any furniture, appliances, and equipment that may be authorized for use in or with such quarters as I may be assigned; to execute all necessary documents, instruments or papers and perform all acts necessary to carry out the foregoing.

**P. TERMINATE MILITARY HOUSING**: To effect the termination of U.S. Government quarters assigned to me or my family members at: _____
_____,
to procure or return any and all U.S. Government property used in or for such quarters; and to sign any and all documents and do all acts necessary and proper to terminate my responsibility for such quarters.

**Q. UTILITY SERVICES**: To prepare, execute and deliver any and all documents necessary to start, stop, transfer, maintain, cancel, discontinue or renew services of any and all utilities, including but not limited to telephone (land line), electricity, gas, water, sewage, cable television, satellite television, and/or garbage collection, at my residence (military housing or non-military housing), located at: _____
_____.

**R. SHIP HOUSEHOLD GOODS**: To take possession and order the removal and shipment of my household goods, personal baggage, or other personal property and cause it to be shipped to any warehouse, depot, dock, or other place of storage or safekeeping, government or private, directed by orders of appropriate U.S. Government transportation officials, and to execute and deliver all necessary forms, papers, certificates, and receipts to carry out the foregoing.

**S. ACCEPT DELIVERY OF HOUSEHOLD GOODS**: To accept delivery of, receipt for, and/or clear through customs, my household goods and/or unaccompanied baggage, and to sign any and all documents, release, and voucher, receipt, shipping ticket or other instrument necessary or convenient for such purpose.

**T. FILE HOUSEHOLD GOODS CLAIMS**: To institute and prosecute, or to appear and defend any claims or litigation involving me or my interest. This shall include, but not be limited to, the authority to present a claim against the United States for damage to or loss of personal property.

**U. BANKING TRANSACTIONS**: To take any and all actions necessary or convenient, and to sign any document required or convenient to withdraw funds from, deposit funds into, draft checks from or to endorse, case and receive the proceeds of any check or other negotiable instrument, which is made payable to me from the following accounts. This does not include the authority to request a replacement ATM/debit card.

| Name of Financial Institution | Type of Account | Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**V. FEDERAL & STATE INCOME TAX**: To prepare, execute, and file all tax returns and to receive and negotiate all tax refund checks.

Verified Criminal Complaint 041



**W. RECEIVE MAIL, PACKAGES AND PARCELS**: To receive any and all mail, packages or parcels, from the United States Postal Service and any and all commercial carriers, which is addressed to me, on my behalf and to execute any and all documents to affect delivery of said mail, packages or parcels. This shall not include the purpose of accepting personal service of any notices to appear before a court in any jurisdiction, or to act as my agent for personal service, to accept any notice or to submit to any jurisdiction of any court, foreign or domestic.



*ONLY sign if information to the right is completed*

**X. USE, OPERATE & MAINTAIN MOTOR VEHICLE(S)**: To use, operate, insure, title, license, repair, register, and deregister in my name, with any state or governmental agency the vehicle(s) of which I am or may become the registered or legal owner. To fill out and sign any and all documents to accomplish the foregoing.

| State | Year | Make | Model | Vehicle Identification Number (VIN) |
|-------|------|------|-------|-------------------------------------|
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |

**Y. PURCHASE A MOTOR VEHICLE**: To purchase or refinance the following vehicle(s):



*ONLY sign if information to the right is completed*



in my name and upon such terms, considerations and conditions as my attorney shall think proper. Further, to execute and deliver to the proper persons and authority all documents, instruments, and papers necessary to register and license the said automobile. To further execute any documents necessary to have repairs my attorney deems necessary made on this automobile before I am able to take possession of the automobile. To take possession of, operate, and maintain this automobile and to execute and deliver all necessary forms, papers, statements of ownership, and receipt to carry out the foregoing.

**Z. REFINANCE A MOTOR VEHICLE**: To purchase or refinance the following vehicle(s) in my name and upon such terms, considerations and conditions as my attorney shall thing proper. Further, to execute and deliver to the proper persons and authority all documents, instruments, and papers necessary to register and license the said automobile. To further execute any documents necessary to have repairs my attorney deems necessary made on this automobile before I am able to take possession of the automobile. To take possession of, operate, and maintain this automobile and to execute and deliver all necessary forms, papers, statements of ownership, and receipt to carry out the foregoing.



*ONLY sign if information to the right is completed*

| State | Year | Make | Model | Vehicle Identification Number (VIN) |
|-------|------|------|-------|-------------------------------------|
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |

Verified Criminal Complaint 042



*ONLY sign if information to the right is completed*

**AA. SELL A MOTOR VEHICLE**: To sell the following vehicle(s) upon such terms, considerations and conditions as my attorney shall think proper. Further, to execute and deliver to the proper persons and authority all documents, instruments, and papers necessary to effect the sale and transfer of registration and license of the said vehicle. To take possession of, operate, and maintain this automobile and to execute and deliver all necessary forms, papers, statements of ownership, and receipt to carry out the foregoing.

| State | Year | Make | Model | Vehicle Identification Number (VIN) |
|-------|------|------|-------|-------------------------------------|
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |



*ONLY sign if information to the right is completed*

**BB. SHIP A MOTOR VEHICLE**: To take possession of the following vehicle(s) for the purpose of its removal and shipment from wherever it may be located, and to execute any release, voucher, receipt or any other instrument necessary or convenient for such purpose and to execute and deliver to the proper persons and authority, any and all documents, instruments and papers necessary to effect proper registration, insurance and license, in my name, of this automobile.

| State | Year | Make | Model | Vehicle Identification Number (VIN) |
|-------|------|------|-------|-------------------------------------|
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |



*ONLY sign if information to to the right is completed*

**CC. TAKE POSSESSION OF A MOTOR VEHICLE**: To take possession of the following vehicle(s) after shipment and delivery to any port, warehouse, depot, dock, or other place of storage or safekeeping, government or private; to execute and deliver any release voucher, receipt, shipping ticket, certificate or other instrument necessary or convenient for such purpose and execute and deliver to the proper persons and authority, any and all documents, instruments and papers necessary to register, insure and license the vehicle in my name, and to transport the vehicle to me or any location which I direct in writing.

| State | Year | Make | Model | Vehicle Identification Number (VIN) |
|-------|------|------|-------|-------------------------------------|
|       |      |      |       |                                     |
|       |      |      |       |                                     |
|       |      |      |       |                                     |



**DD. HANDLE ANY LAWSUIT OR OTHER CIVIL LEGAL ACTONS**: To institute, prosecute or to appear and defend any claims or litigation involving me or my interests; and to demand, act to recover, and receive all sums of money and all other things which are now or will be owing or belonging to me as a result of such claims, and to institute accounts on my behalf to deposit, draw upon or expend such funds of mine as are necessary in furtherance of power granted herein. This shall specifically include the authority to discuss any pending litigation involving me with my attorney and to retain an attorney on my behalf, if necessary, with a separate specific written consent document from me.

Verified Criminal Complaint 043



*ONLY sign if information to the right is completed.

EE. **GUARDIANSHIP FOR CHILDREN**: To take and maintain custody of my child(ren). To do all acts necessary or desirable for maintaining the health, education, and welfare of my child(ren) including the registration and enrollment of my child(ren) in educational programs and schools; and to maintain the customary living standard of my child, including, but not limited to, provisions of living quarters, food, clothing, medical, surgical and dental care, entertainment and other customary matters; and, specifically, to approve and authorize any and all medical treatment deemed necessary by a duly licensed physician and to execute any consent, release or waiver of liability required by medical or dental authorities incident to the provision of medical, surgical or dental care to my child, by qualified medical personnel; to act in loco parentis to my child(ren).

| Name(s) of Child(ren) | Date of Birth |
|---|---|
| Anabelle Clarice Duhart | 09 JULY 2013 |
|  |  |
|  |  |
|  |  |
|  |  |

Giving and granting individually unto said attorney full power and authority to do and perform all and any act, deed, matter and thing whatsoever in and about any of specified particulars mentioned in the signed sections immediately above, as fully and effectually to all intents and purposes as I might and could do in my own person if personally present; and in addition thereto, I do hereby ratify and confirm each of the acts of my aforesaid attorney lawfully done pursuant to the authority herein above conferred.

**TO INDUCE ANY THIRD PARTY TO ACT HERUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS POWER OF ATTORNEY MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATONS OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY. I, FOR MYSELF AND MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMELESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED UPON THE PROVISIONS OF THIS POWER OF ATTORNEY.**

This Power of Attorney shall become effective when I sign and execute it. Unless sooner revoked or terminated by me, this Power of Attorney shall become **NULL and VOID** on ___09 APR 2024___ *(not to exceed 2 years).*

I intend for this to be a DURABLE Power of Attorney. This Power of Attorney will continue to be effective if I become disabled, incapacitated, or incompetent. All acts done by my attorney-in-fact hereunder shall have the same effect and inure to the benefit of and bind myself and my heirs as if I were competent, and not disabled, incapacitated, or incompetent.

I shall be considered disabled or incapacitated for purposes of this Power of Attorney if a physician, based on the physician's examination, certifies in writing at a date subsequent to the date which this Power of Attorney is executed, that I am disabled from or incapable of exercising control over my person, property, personal affairs, or financial affairs. I authorize the physician who so certifies, to disclose my physical or mental condition to another person for purposes of this Power of Attorney. A third party who accepts this Power of Attorney shall remain valid and in full effect until sixty (60) days after I have returned to United States military control following termination of such status, or sixty (60) days after I have recovered from such disability, unless sooner revoked or terminated by me.

Notwithstanding my inclusion of a specific expiration date herein, if on the above specified expiration date, or during the sixty (60) day period preceding that specified expiration date, I should be or have been determined by the United States Government to be in a military status of "missing," or "missing in action," or "prisoner of war," or if I should be or have been properly certified in writing, by a physician to be disabled form or incapable of exercising control of my person, property, personal affairs, or financial affairs, then this Power of Attorney shall remain valid and in full effect until sixty (60) days after I have returned to the United States military control following termination of such status, or sixty (60) days after I have recovered from such disability, unless sooner revoked or terminated by me.

Verified Criminal Complaint 044

I HEREBY RATIFY ALL THAT MY ATTORNEY SHALL LAWFULLY DO RO CAUSE TO BE DONE BY THIS DOCUMENT.

All business transacted hereunder for me or for my account shall be transacted in my name, and all endorsements and instruments executed by my attorney for the purpose of carrying out the foregoing powers shall contain my name, followed by that of my attorney, and the designation "attorney-in-fact."

IN WITNESS WHEREOF, I sign, seal, declare, publish, make and constitute this as and for my Power of Attorney in the presence of the Notary Public at the Office of the Staff Judge Advocate, 21st Theater Sustainment Command, Stuttgart Law Center, Germany, witnessing it at my request, this date, _____31 AUG 2023_____ .
*(Today's Date)*

_____
*Signature of Declarant*

Jovan Duhart
*Print Name*

State of ___WITH THE U.S. ARMEDFORCES___

County of ___STUTTGART GERMANY___

Subscribed and sworn to and acknowledged before me by Jovan Michael Duhart who presented military (DOD ID) identification to substantiate their identity.  This acknowledgement is executed in my official capacity under the authority granted to me.

_____
*Notary Public Signature*

PFC NAYHOMIS M.
ROSA   RIVERA
*Printed Name*
PARALEGALSPECIALIST
10 USC 1044(A)
*Rank/Title/Position*

(Notary seal: "Notary Public Authorized Under 10 USC 1044a" — SEAL)

## LIMITED DURABLE POWER-OF-ATTORNEY

I _Jovan Duhart_ being of sound mind, willfully and voluntarily on _31 AUG 2023_ make

this declaration to be followed (a) Limited Durable Power-of-Attorney

### KNOW ALL MEN BY THIS POWER OF ATTORNEY: WHEREAS

**PRINCIPAL:** Jovan Michael Duhart

AND WHEREAS

**AGENT:** Daniel Keith Duhart

Due to the emergency circumstances, it is considered necessary and expedient to execute a General Power of Attorney in favor the best interest of Jovan Duhart and minor child Annabelle Duhart and have authorized Daniel Keith Duhart (Brother), to execute this Power of Attorney effective 31.08.2023.

### NOW THIS POWER OF ATTORNEY WITNESSES AS FOLLOWS

The Principal Jovan Michael Duhart hereby appoints Daniel Keith Duhart, and any attorney he chooses to represent him as his Attorneys (hereinafter collectively called "the Attorneys") so long as they or any of them are/is the acting in the best interest of The Principal Jovan Duhart to do so severally,

### POWERS OF ATTORNEY

The following acts, deeds, and things in the name and on behalf of the Principal Jovan Michael Duhart:

1. To take decision for instituting and defending legal proceedings and to institute and defend legal proceedings - civil, criminal or custody, including confess judgement, compromise, compound or refer any matter or dispute to arbitration, as they or either of them may think fit.

2. To sign, verify and file in all or any courts and offices in the United States and outside, in all or any cases, whether original or appellate revision or review, plaints, complaints, written statements, affidavits, applications, review or revision petitions, statutory returns and memoranda of appeals or cross objections.

3. To engage and appoint advocates, solicitors, pleaders as the case may be.

1

4. To appoint special agents or attorneys on such terms and conditions as they or either of them may deem fit;

5. To appear in all or any courts and offices to represent the The Principal Jovan Duhart or Minor Child Annabelle Duhart in all proceedings and make statement on oath or otherwise for and on behalf of The Principal Jovan Duhart or Minor Child Annabelle Duhart;

6. To file in and receive back from any or all courts or offices documents of all kinds and to give receipts therefor;

7. To deposit or obtain refund of stamp duty or court fee or to repay the same;

8. To deposit in or withdraw from any or all courts or other offices moneys and give receipts therefor;

9. To apply for copies of documents or other records of courts or offices;

10. To apply for inspection of and to inspect records of which inspection is allowed;

11. To execute decrees, receive moneys and obtain possession of properties in execution of decrees, give receipts and discharges therefor and compromise or compound any such decrees;

12. To realize and collect all outstanding's and claims of The Principal Jovan Duhart and to give effectual receipts and discharges;

13. To execute, sign, seal and where necessary to register all documents including deeds, leases, agreements, contracts, letters of appointments, powers of attorneys;

14. To sign, seal and execute bonds, indemnity bonds, guarantees and counter-guarantees;

15. To execute, endorse and negotiate Bills of Exchange,  promissory notes and negotiate or otherwise deal with Government Promissory Notes or any securities of the Central or State Government or any local authority.

16. And generally to do all such acts, deeds or things as may be necessary or proper for the purposes mentioned above. AND The Principal Jovan Duhart hereby agrees that all acts, deeds or things lawfully done by the said Attorneys or Agent Daniel Duhart either of them under the authority of this power shall be construed as acts, deeds and things done by The Principal Jovan Duhart and The Principal Jovan Duhart hereby undertakes to confirm and ratify all and whatsoever the said Attorneys or either of them shall lawfully do or cause to be done by virtue of the powers hereby given. (f) To transact business of any kind or class as my act and deed to

2

sign, execute, acknowledge and deliver any deed, lease, assignment of lease, covenant, indenture, indemnity, agreement, mortgage, deed of trust, assignment of mortgage or of the beneficial interest under deed of trust, extension or renewal of any obligation, subordination or waiver of priority, hypothecation, bottomry, charter-party, bill of lading, bill of sale, bill, bond, note, whether negotiable or non-negotiable, receipt, evidence of debt, full or partial release or satisfaction of mortgage, judgment and other debt, request for partial or full reconveyance of deed of trust and such other instruments in writing or any kind or class as may be necessary or proper in the premises.

(g) This Power of Attorney shall not be affected by subsequent incapacity or incarceration of the principal and shall remain effective until 09.04.2024. Upon incarceration or hospitalization this power of attorney can extended past the expiration/termination/revocation [09.04.2024] period of this power of an attorney (6) additional months by majority vote in writing, text, or email of the parties listed in the revocation section of this power of attorney (or)by the principal in a notarized document writing. (h) This Power of Attorney shall become effective 31.08.2023 principal effective for a period of 09.04.2024

### NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY

A durable power of attorney is an important legal document. By signing the durable power of attorney, you are authorizing another person to act for you, the principal. Before you sign this durable power of attorney, you should know these important facts: Your agent (attorney-in-fact) has no duty to act unless you and your agent agree otherwise in writing. This document gives your agent the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your agent borrows money on your behalf. This document does not give your agent the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift. Your agent will have the right to receive

3

reasonable payment for services provided under this durable power of
attorney unless you provide otherwise in this power of attorney. The powers you give your
agent will continue to exist for your entire lifetime, unless you state that the durable
power of attorney will last for a shorter period or unless you otherwise terminate the durable
power of attorney. The powers you give your agent in this durable power of attorney will
continue to exist even if you can no longer make your own decisions respecting the
management of your property. You can amend or change this durable power of attorney only
by executing a new durable power of attorney this durable power of attorney at any time, so
long as you are competent. This durable power of attorney must be dated and must be
acknowledged before a notary public or signed by two witnesses. If it is signed by two
witnesses, they must witness either (1) the signing of the power of attorney or (2) the
principal's signing or acknowledgment of his or her signature. A durable power of attorney
that may affect real property should be acknowledged before a notary public so that it may
easily be recorded. You should read this durable power of attorney carefully. When effective,
this durable power of attorney will give your agent the right to deal with property that you
now have or might acquire in the future. The durable power of attorney is important to you.
If you do not understand the durable power of attorney, or any provision of it, then you
should obtain the assistance of an attorney or other qualified person.

## SPECIAL PROVISIONS
## FORM FOR POWER OF ATTORNEY TO DELEGATE
## THE POWER AND AUTHORITY FOR THE CARE OF A CHILD

(1) the purpose of this power of attorney is to give the individual whom you designate (the agent)
powers to care for your child, including the power to: have access to educational records and
disclose the contents to others; arrange for and consent to medical, dental, and mental health
treatment for the child; have access to records related to such treatment of the child
And disclose the contents of those records to others; provide for the child's food, lodging,
recreation, and travel; and have any additional powers as specified by the individual executing

4

this power of attorney. (2) the agent is required to exercise due care to act in the child's best interests and in accordance with the grant of authority specified in this form (3) a court of competent jurisdiction may revoke the powers of the agent. (4) the agent may exercise the powers given in this power of attorney for the care of a child for the period set forth in this form unless the individual Executing this power of attorney revokes this power of attorney and provides notice of the revocation to the agent or a court of Competent jurisdiction terminates this power of attorney.(5) the agent may resign as agent and must immediately communicate such resignation to the individual executing this power of attorney and to schools, health care providers, and others known to the agent to have relied upon such power of attorney. (6) this power of attorney may be revoked in writing. If this power of attorney is revoked, the revoking individual shall notify the agent, schools, health care providers, and others known to the individual executing this power of attorney to have relied upon such power of attorney.

Personally appeared before me, the undersigned officer duly authorized to administer oaths, **Jovan Michael Duhart** who being of sound mind and body, after having been sworn, deposes and says as follows:

1. I certify that I am the parent of:

   Annabelle Clarice Duhart

   DOB: 09.07.2013

2. I designate:

   Agent: Daniel Keith Duhart

   Mobile:  +1 (770) 298-7151

   3201 Downwood Circle NW

   Atlanta GA 30327

*Jovan Duhart*

(A) (Signature) The agent named above is related to me by blood or marriage and I have elected not to have him or her obtain a criminal background.

Verified Criminal Complaint 050

check.

## NOTICE TO PERSON ACCEPTING THE APPOINTMENT AS ATTORNEY–IN–FACT

By acting or agreeing to act as the agent (attorney-in-fact) under this power of attorney you assume the Fiduciary and other legal responsibilities of an agent. These responsibilities include1. The legal duty to act solely in the interest of the principal and to avoid conflicts of interest.2. The legal duty to keep the principal's property separate and distinct form any other property owned or controlled by you. You may not transfer the principal's property to yourself without full and adequate consideration or gift of the principal's property unless this power of attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the power of attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 years of age or older at the time that the property is transferred to you without authority, you may also be prosecuted for elder abuse under penal Code Section 368. In addition to criminal prosecution, you may also be sued civil court.

## LIMITATIONS

The POA/ AGENT cannot transfer the responsibility to another Agent at any time. The POA cannot distribute inheritances or transfer assets after the death of the principal. The POA/AGENT cannot change or invalidate your Will or any other Estate Planning documents. The POA/AGENT cannot change or violate the terms of the nominating documents otherwise they can be held legally responsible for fraud or negligence. The POA/AGENT cannot act outside of the principal's best interest. The POA/AGENT cannot use the principal's assets or money as their own. The POA/AGENT cannot take compensation beyond what is outlined within the POA agreement. The POA/AGENT does not allow this agent to make HEALTH CARE DECISIONS, unless by majority vote of the parties listed in the Revocation Section. This power of attorney and all powers will be revoked and terminated on 09.04.2024. You may under no circumstances enter into an agreement, make decisions in agreement with, or under direction

6

of, or act on behalf or an agent or any other instruments of there of the with the following individuals:

Ms. Taylor Amanda Kristan
Mrs. Danita Duhart
Mr. Keith Walter Duhart

without prior approval of the principal, (or) by majority vote of the parties listed in the Revocation section of this Power of Attorney.

## REVOCATION

This power of attorney may be revoked, suspended, or terminated by the principal at any time the principal is not disabled or incapacitated. In addition, this Power of Attorney and all its powers can be revoked any time by majority vote of the following parties Carina Frey, Joyce Michelle Duhart, Victor Cogo. The appointment of a guardian of the person only does not empower the guardian to revoke, suspend or terminate this power of attorney.  The Death of Principal. The death of the principal shall be deemed to revoke this power of attorney upon actual knowledge or actual notice being received by the Attorney-in-Fact.

## LIABILITY

Each Attorney-in-Fact shall have no liability or obligation with respect to the powers granted herein except for and to the extent of such Attorney-in-Fact's willful misconduct. In no event shall any Attorney-in-Fact be liable for incidental, indirect, special, consequential, or punitive damages.

## SEVERABILITY

The provisions of this Power of Attorney shall be deemed severable, and the invalidity or

7

unenforceability of any provision hereof shall not affect the validity or enforceability of any other provision hereof; provided that if any provision of this Power of Attorney, as applied to me or to any Attorney-in-Fact or any circumstance, is adjudged by any governmental body, arbitrator or mediator not to be enforceable in accordance with its terms, then such governmental body, arbitrator or mediator shall have the power to modify the provision in a manner consistent with the objectives of this Power of Attorney such that it is enforceable, and/or to delete specific words or phrases, and in it its reduced form, such provision shall be enforceable and shall be enforced, but in any case, only to the extent required to make such provision enforceable.

## GOVERNING LAW

This agreement shall be deemed to be a contract under, and shall be construed, interpreted, and governed by and according to, the laws of the state of Georgia excluding any conflict of laws principle which, if applied, might permit, or require the application of the laws of another jurisdiction.

ON 31 August 2023, before me, Nayhomis M. Rosa Rivera, Notary Public, personally appeared Juan Michael Duhart who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the persons(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the law of the State of Georgia that the foregoing paragraph is true and correct. Witness my hand and official seal.

Signature _____  Seal SEAL

WITNESSES 1. Print Name: Claudia Völker

The declarant being of sound mind, willfully and voluntarily or the person on behalf of and at the direction of the declarant knowingly and voluntarily signed this writing by signature or mark in my presence.

8

**Witness Signature**

_(Sign in front of Notary)_

**Witness Contact:** +49(0) 9641 70591 7503

**WITNESSES 2 Print Name:** David G. Bowen

The declarant being of sound mind, willfully and voluntarily or the person on behalf of and at the direction of the declarant knowingly and voluntarily signed this writing by signature or mark in my presence.

**Witness Signature:**

_(Sign in front of Notary)_

**Witness Contact:** +49 16295421556

**IN WITNESS WHEREOF this Power of Attorney has been signed and sealed by**

Name: Nayhomis N. Rosa Rivera

Sworn to and affirmed before me, this

31 day of August, 2023.

_(signature)_

NOTARY PUBLIC

My commission expires: _____

PFC NAYHOMIS M.
ROSA    RIVERA
PARALEGAL SPECIALIST
10 USC 1044(A)
INDEFINITE PER
10 USC 1044(A)

**End of Document**

(Notary Seal)

SEAL
Notary Public Authorized Under
10 USC 1044a

Verified Criminal Complaint 054

# Enclosure 6

# Military Relocation Orders

## REQUEST/AUTHORIZATION FOR DOD CIVILIAN PERMANENT DUTY OR TEMPORARY CHANGE OF STATION (TCS) TRAVEL

*(Reference: Joint Travel Regulations)  (Read Privacy Act Statement on back before completing form.)*

### SECTION I - REQUEST FOR OFFICIAL TRAVEL

| 1. DATE *(YYYYMMDD)*<br>20210618 | 2. NAME *(Last, First, Middle)*<br>DUHART JOVAN MICHAEL | 3. SOCIAL SECURITY NUMBER<br>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 |
|---|---|---|

| 4. NEW POSITION TITLE<br>HEALTH EDUCATOR (AWC DIRECTOR) | 5. GRADE OR RATING<br>GS-12 | 6. RETIREMENT CODE *(Insert retirement code from Block 30 of employee's most recent SF-50.  If unknown, employee should contact their servicing personnel office.)*  KF |
|---|---|---|

| 7. RELEASING OFFICIAL STATION AND LOCATION, OR ACTUAL RESIDENCE<br>5 OP MED READINESS SQ<br>GBS COMMAND: GS<br>OPERATIONAL SUPPOR OSC: SGXS<br>MINOT AFB ND 58705 | 8. NEW OFFICIAL STATION AND LOCATION, ACTUAL RESIDENCE OR ALTERNATE DESTINATION<br>USA MEDDAC BAVARIA<br>USA HEALTH CLINIC, STUTTGART<br>STUTTGART, GM APO AE 09107<br>VIA ATLANTA, GA |
|---|---|

**9. REPORTING DATE AT NEW DUTY STATION** *(YYYYMMDD)*   20210801

| 10. TRAVEL PURPOSE | 11. TRANSPORTATION MODE | 12a. PER DIEM FOR EMPLOYEE |
|---|---|---|
| X BETWEEN OFFICIAL STATIONS | GOVERNMENT   X POC | X YES   NO |
| RENEWAL AGREEMENT | X COMMERCIAL   X RAIL | **b. PER DIEM FOR DEPENDENT(S)** |
| RETURN FROM OVERSEAS FOR SEPARATION | X AIR | X YES   NO |
| TEMPORARY CHANGE OF STATION | **MILEAGE RATE:** | |
| OTHER | $ IAW JTR | |

| 13a. ROUND TRIP TRAVEL FOR HOUSE-HUNTING | 14a. TEMPORARY QUARTERS SUBSISTENCE EXPENSE | 15a. HOUSEHOLD GOODS (HHG) SHIPMENT |
|---|---|---|
| YES   X NO | YES   X NO | X YES   NO |
| ACTUAL EXPENSE   FIXED | ACTUAL EXPENSE   FIXED | COMMUTED RATE<br>X GOVERNMENT BILL OF LADING (GBL) |
| b. NUMBER OF DAYS *(Including travel)* | b. NUMBER OF DAYS AUTHORIZED | b. NET WEIGHT AUTHORIZED   18,000 lbs |

| 16. OTHER AUTHORIZED EXPENSES | | 17. DEPENDENT TRAVEL |
|---|---|---|
| X TEMPORARY STORAGE OF HHG | UNEXPIRED LEASE | X CONCURRENT |
| X NONTEMPORARY STORAGE OF HHG | X RELOCATION INCOME TAX ALLOWANCE | DELAYED |
| RELOCATION SERVICES | X POV SHIPMENT   CONUS   X OCONUS | EARLY RETURN |
| PROPERTY MANAGEMENT SERVICES | X MISCELLANEOUS EXPENSES | NOT AUTHORIZED |
| REAL ESTATE EXPENSES | TRAVEL ADVANCE AUTHORIZED *(Amount)* $ | |

| 18a. DEPENDENT TRAVEL FROM *(Home Address)*<br>4809 Helga Way, Woodstock, GA, 30188 | b. TO *(New PDS)*<br>STUTTGART, GM APO AE 09107 |
|---|---|

**19. DEPENDENTS**

| a. NAME *(Last, First, Middle Initial)* | b. RELATIONSHIP | c. DATE OF BIRTH *(YYYYMMDD)* |
|---|---|---|
| Duhart, Annabelle,C | Daughter | 20130709 |
| *********NOTHING AS FOLLOWS********* | | |
| | | |
| | | |

| 20. ESTIMATED COST | | | | 21. TRANSPORTATION AGREEMENT |
|---|---|---|---|---|
| a. PER DIEM | b. TRAVEL | c. OTHER | d. TOTAL | SIGNED *(X one)* |
| $ 250.00 | $ 2,200.00 | $ 31,800.00 | $ 34,250.00 | X YES   NO<br>DATE SIGNED *(YYYYMMDD)*   20210216 |

### SECTION II - AUTHORIZATION FOR OFFICIAL TRAVEL

**22. ACCOUNTING CITATION**
HHG: 21 20212021 2020 0000 60 BC00 421010ASP0 22NL 0A60BC 5074737801 021001 TAC: C4CD $10,000.00
POV: 21 20212021 2020 0000 60 BC00 421010ASP0 22NL 0A60BC 5074737821 021001 TAC: C4CE $ 5,000.00
NTS: 21 20212021 2020 0000 60 BC00 421010ASP0 2579 0A60BC 5074737839 021001 TAC: C4CF $ 5,000.00

| 23. APPROVING OFFICIAL | b. SIGNATURE | |
|---|---|---|
| a. TITLE SHIRLEY-ANNE AUER<br>BUDGET OFFICER | AUER.SHIRLEY-ANNE.1276800325 | Digitally signed by AUER.SHIRLEY-ANNE.1276800325<br>Date: 2021.06.21 14:06:42 +02'00' |

| 24. AUTHORIZING/ORDER-ISSUING OFFICIAL | b. SIGNATURE | c. ORGANIZATION ADDRESS |
|---|---|---|
| a. TITLE CARLA WIGGINS<br>CHIEF, CIV HUMAN RESOURCES | WIGGINS.CARLA.RENEE.1144413110 — Digitally signed by WIGGINS.CARLA.RENEE.11444 13110 Date: 2021.06.27 18:59:28 +02'00' | MEDDACB, CIV HR OFFICE<br>UNIT 28037, APO AE 09112 |

| 25. TRAVEL AUTHORIZATION NUMBER<br>PC1121 | 26. DATE ISSUED *(YYYYMMDD)*<br>20210621 |
|---|---|

**DD FORM 1614, MAY 2003**   PREVIOUS EDITIONS OBSOLETE.   Adobe Professional 8.0

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.**For Parties** I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

### VERIFICATION

I, _Jovan Duhart_ , personally appeared before the undersigned attesting officer authorized by law to administer oaths, and after being duly sworn, declare under oath that I am the Petitioner in the above-styled action and that the facts stated in the **Verified Criminal Complaint and Statements of Material Fact and Index** are true and correct to the best of my knowledge.

Signed this _31_ day of _August 2023_ .

Petitioner/Plaintiff/Complainant, Self-Represented

Sworn to and affirmed before me, this

_31_ day of _August 2023_ .

NOTARY PUBLIC

My commission expires: _10 USC 1044(A)_

PFC NAYHOMIS M.
ROSA RIVERA
PARALEGAL SPECIALIST
10 USC 1044(A)

INDEFINITE PER
10 USC 1044(A)

(Notary Seal)

SEAL